IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01481-MSK-MJW

JAMES L. HARRIS and
GERALDINE E. HARRIS, Tennessee residents,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
SERCO MANAGEMENT SERVICES, INC., a Tennessee corporation, and
RONALD D. LOWE, a Colorado resident,

    Defendants.

## ORDER DISMISSING CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER comes before the Court on an Order to Show Cause **(#3)** directing the Plaintiffs to show cause, on or before August 7, 2007, why their claims should not be dismissed for lack of subject matter jurisdiction, or to file an Amended Complaint curing the jurisdictional deficiencies in their Complaint **(#1)**. The Plaintiffs did not respond to the Order to Show Cause. Based upon the allegations in the Complaint, which the Plaintiffs have neither amended nor supplemented, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiffs filed their Complaint **(#1)** on July 13, 2007. They invoke the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), and pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and § 2671, *et. seq*. They also allege that this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

If the Court looks solely to the allegations in the Complaint, then it is compelled to

conclude that it lacks subject matter jurisdiction over the Plaintiffs' claims. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist because the Plaintiffs are citizens of Tennessee and Defendant Serco Management Services, Inc., is a Tennessee corporation. In addition, the Plaintiffs have not yet exhausted their administrative remedies under the FTCA and, indeed, began pursuing such remedies during July 2007. The FTCA requires the exhaustion of administrative remedies as a jurisdictional prerequisite to suit. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). Pursuant to 28 U.S.C. § 2675(a), an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *McNeil v. U.S.*, 508 U.S. 106, 111 (1993) (quoting 28 U.S.C. § 2675). If the appropriate agency does not make a final disposition within six months after the claim is filed, the claim will be deemed finally denied. 28 U.S.C. § 2675. A district court must dismiss an FTCA claim if it is asserted before the appropriate federal agency denies it, either expressly or implicitly. *Haceesa v. U.S*, 309 F.3d 722, 733 (10th Cir. 2002) (citing *McNeil*).

Based solely upon the allegations in the Complaint, which the Plaintiff has not supplemented by way of a response to the Order to Show Cause, or by filing an Amended Complaint, despite being given an opportunity to do so, the Court lacks subject matter jurisdiction over the Plaintiff's claims. Without jurisdiction over a federal question, the Court also lacks supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

**IT IS THEREFORE ORDERED** that the Plaintiffs' claims are dismissed for lack of subject matter jurisdiction. The Clerk shall close this case.

Dated this 9th day of August, 2007

BY THE COURT:

Marcia S. Krieger
United States District Judge