IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01481-MSK-MJW

JAMES L. HARRIS and
GERALDINE E. HARRIS, Tennessee residents,

        Plaintiffs,

v.

UNITED STATES OF AMERICA,
SERCO MANAGEMENT SERVICES, INC., a Tennessee corporation, and
RONALD D. LOWE, a Colorado resident,

        Defendants.

---

## ORDER GRANTING MOTION FOR RECONSIDERATION, REINSTATING CASE, AND DISMISSING PLAINTIFFS' CLAIMS

---

THIS MATTER comes before the Court on the Plaintiffs' Motion for Relief from Order of Dismissal Pursuant to Fed. R. Civ. P. 60(b) **(#5)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

Upon this Court's initial review of the Complaint, it appeared that the Court lacked subject matter jurisdiction. The Court issued an Order **(#3)** giving the Plaintiffs an opportunity to show cause why their claims should not be dismissed or to cure the jurisdictional deficiencies of their Complaint, and set August 7, 2007 as the deadline for doing so. After the Court received no timely response, it dismissed the Plaintiffs' claims for lack of subject matter jurisdiction on August 9, 2007.

Now, the Plaintiffs move for reconsideration of that Order under Fed. R. Civ. P. 60(b)(1).

They contend that their failure to respond to the Order to Show Cause was the result of mistake, inadvertence, surprise, or excusable neglect. They state that they never responded to the Order to Show Cause because they never received it due to the counsel's anti-spam e-mail filter. They also explain that they did not see the dismissal order until February 6, 2008, when counsel first checked on the status of the case by logging into CM/ECF.

Due to the fact that counsel never received this Court's Order to Show Cause nor the Order dismissing the Plaintiffs' claims for lack of subject matter jurisdiction, the Court grants the Plaintiffs' motion for reconsideration and reinstates this case. However, in the instant motion, the Plaintiffs offer no cure for the Court's lack of subject matter jurisdiction.

When the Plaintiffs commenced this action, they invoked the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), and pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and § 2671, *et. seq*. They also alleged that this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. However, there is no diversity jurisdiction under 28 U.S.C. § 1332 because the Plaintiffs are citizens of Tennessee and Defendant Serco Management Services, Inc., is a Tennessee corporation. In addition, the allegations in the Complaint show that the Plaintiffs did not exhaust administrative remedies on the federal tort claim, a jurisdictional prerequisite to suit, because they signed their administrative claim on the same date they filed their Complaint in this action. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); 28 U.S.C. § 2675(a). Therefore, the Court dismisses the Plaintiffs' claims, effective this date.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiffs' Motion for Relief from Order of Dismissal Pursuant to Fed. R. Civ.

P. 60(b) **(#5)** is **GRANTED.**

(2) The Clerk of Court is directed to reinstate this case.

(3) The Plaintiffs' claims are dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case, effective this date.

Dated this 13th day of February, 2008

                     **BY THE COURT:**

                     Marcia S. Krieger
                     United States District Judge